ORDERED.

Dated: July 25, 2011



Eileen W. Hollowell, Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| SUNSET PROFESSIONAL PARK, LLC, | Case No. 4:09-bk-32194-EWH |
| Debtor. | |
| SUNSET PROFESSIONAL PARK, LLC, | Adv. No. 4:10-ap-01188-EWH |
| Plaintiff, | **MEMORANDUM DECISION** |
| vs. | |
| URBAN ENGINEERING, INC., | |
| Defendant. | |

## I. INTRODUCTION

On June 6, 2010, the Court entered its findings of fact and conclusions of law on the record at the conclusion of this adversary proceeding – finding in favor of the Debtor/Plaintiff. Urban Engineering, Inc. ("UE") requested additional time to object to the attorneys' fees portion of the Debtor's damages calculation. The additional time was granted and extended several times. On July 1, 2011, UE filed its objection. The Debtor did not timely file a response. Accordingly the matter is ready for decision.

## II. DISCUSSION

Debtor seeks fees of $30,624.51 for the law firm of Altfeld & Battaile P.C. ("Altfeld"), which represented him in this adversary and in a state court proceeding ("State Case").[1] The State Case involved other defendants – all of whom settled with the Debtor pre-petition. The Debtor also seeks fees of $15,191 for the law firm of O'Connell & Associates, P.C. ("O'Connell") for work performed primarily before and during the State Case. The attorney's fees are set out in trial Exhibits EE ("Altfeld") and JJ ("O'Connell").

UE makes several arguments for disallowing the fees:

A.  fees should be disallowed for work done in litigating with other defendants;

B.  fees should be disallowed for insufficient description of the work performed to determine if the work concerned UE; and

C.  fees should be disallowed for duplication of work between Altfeld and O'Connell and between O'Connell and his legal assistant.

UE's objection included schedules listing what UE asserts were improper charges in each of the three categories. For example, UE included a schedule which would disallow $20,506 of Altfeld's fees under category A for work performed relating to the other State Case defendants. While some time should be reduced for work done litigating with the other defendants, UE ignores that, but for its re-recording of the plat, there would not have been litigation with any of the other defendants. Accordingly, the Court wll not disallow all work performed on the settlement agreement with the other defendants.

---

[1] The State Case was removed to this court after the Debtor filed for bankruptcy protection. At the time of the removal, only UE remained as a defendant.

2

Attached to this memorandum are the court's charts deducting fees for each law firm in the A and B categories. The Court finds no merit to UE's assertion that there should be a reduction of fees for duplicative work performed by the two law firms. One firm acted as lead litigation counsel, one firm acted more as business counsel. It is no different than if one firm had a business lawyer refer a matter to her litigation partner. The business lawyer would remain involved in the case, even after litigation commenced, to discuss strategy or participate in conference calls with the client. Nor was there any improper duplication of work between O'Connell and his paralegal. The billing records indicate that O'Connell worked on substantive issues while the paralegal typed and assembled documents.

Pursuant to its review of Exhibit EE, the Court has reduced Altfeld's fees for work done on litigating with the other defendants by $12,416.66 and for insufficient description of the work performed by $294.50 for a total reduction $12,711.16. The Debtor is, therefore, entitled to receive from UE $17,913.35 for Altfeld's fees.

Pursuant to its review of Exhibit JJ, the Court has reduced O'Connell's fees for work done on litigating with the other defendants by $4,449 and for insufficient description of the work performed by $145 for a total reduction of $4,594. The Debtor is, therefore, entitled to receive from UE $10,597 for O'Connell's fees.

Lastly, UE asserts that because the attorneys' fees at issue were incurred pre-petition, they are general unsecured claims against the estate and that UE is entitled to have the amounts further reduced once the distribution to unsecured creditors is established. UE cites no authority for that assertion, and the Court is aware of none. UE owes a debt to the bankruptcy estate. UE does not get to reduce the amount of its debt simply because the parties who performed the work, which created UE's obligation, are unsecured creditors of the estate. Under that theory, a

3

Case 4:10-ap-01188-EWH    Doc 56    Filed 07/25/11    Entered 07/25/11 09:57:02    Desc
Main Document - Decision    Page 3 of 9

building owner who owes an operating Chapter 11 general contractor for work performed on construction of the building would be allowed to reduce his payments to the debtor/contractor because the subcontractors working on the project have unsecured claims against the estate. Such a result is inconsistent with the concept of reorganization and maximization of assets for distribution to creditors.

## III. CONCLUSION

Counsel for the Debtor is directed to lodge, within 14 days of the date of this Memorandum, an appropriate form of judgment which includes in the damages amount the attorneys' fees allowed by this memorandum.

Dated and signed above.

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Sunset Professional park, LLC
7898 North Ancient Indian Drive
Tucson, AZ 85718

Clifford B. Altfeld
Altfeld & Battaile P.C.
250 North Meyer Avenue
Tucson, AZ 85701-1090

Daniel H. O'Connell
O'Connell & Associates, P.C.
3573 East Sunrise Drive #133
Tucson, AZ 85718

Raymond Douglas Zirkle
Law Office of R. Douglas Zirkle
6011 North Desert Moon Ct.
Tucson, AZ 85750

4

1  Eric Slocum Sparks
2  Eric Slocum Sparks, PC
   110 S. Church Ave. #2270
3  Tucson, AZ 85701
4
   Christopher J. Pattock, Esq.
5  Office of the U.S. Trustee
   230 N. 1st Avenue, Suite 204
6  Phoenix, AZ 85003

## Sunset Professional Park, LLC v Urban Engineering, Inc. (Adv. 4-10-1188)

## Clifford A. Altfeld - Billing A

| Date | Hours | $ Charges | % Disallowed | $ Disallowed |
|---|---|---|---|---|
| 11/07/07 | 2.9 | 899.00 | 100% | 899.00 |
| 11/15/07 | 2.0 | 620.00 | 100% | 620.00 |
| 12/03/07 | 1.5 | 465.00 | 100% | 465.00 |
| 12/31/07 | .5 | 155.00 | 100% | 155.00 |
| 01/17/08 | .9 | 279.00 | 100% | 279.00 |
| 01/23/08 | .9 | 279.00 | 100% | 279.00 |
| 01/28/08 | 1.7 | 527.00 | 50% | 263.50 |
| 01/30/08 | .9 | 279.00 | 66.66% | 186.00 |
| 02/01/08 | .7 | 217.00 | 100% | 217.00 |
| 02/13/08 | 1.1 | 341.00 | 50% | 170.50 |
| 02/14/08 | 3.1 | 961.00 | 66.66% | 640.66 |
| 02/15/08 | 1.2 | 372.00 | 100% | 372.00 |
| 02/18/08 | 2.0 | 620.00 | 100% | 620.00 |
| 02/19/08 | .5 | 155.00 | 100% | 155.00 |
| 05/31/08 | 1.7 | 527.00 | 100% | 527.00 |
| 06/02/08 | 1.1 | 341.00 | 100% | 341.00 |
|  | 2.1 | 651.00 | 100% | 651.00 |
| 06/16/08 | .5 | 155.00 | 100% | 155.00 |
| 06/17/08 | 1.8 | 558.00 | 100% | 558.00 |
| 06/18/08 | 2.1 | 651.00 | 100% | 651.00 |
| 07/14/08 | 1.7 | 527.00 | 100% | 527.00 |
| 08/03/08 | 2.1 | 703.50 | 100% | 703.50 |
| 08/08/08 | .4 | 134.00 | 100% | 134.00 |
| 10/15/08 | 2.1 | 703.50 | 100% | 703.50 |
| 12/30/08 | 1.4 | 469.00 | 100% | 469.00 |
| 01/20/09 | 3.2 | 1306.50 | 100% | 1306.50 |
| 01/22/09 | 1.1 | 368.50 | 100% | 368.50 |
| **TOTALS** | **43.3** | **13264.00** |  | **12416.66** |

## Sunset Professional Park, LLC v Urban Engineering, Inc. (Adv. 4-10-1188)

### Clifford A. Altfeld - Billing B

| Date | Hours | $ Charges | % Disallowed | $ Disallowed |
|---|---|---|---|---|
| 02/20/08 | 1.9 | 589.00 | 50% | 294.50 |
| **TOTALS** | **1.9** | **589.00** | | **294.50** |

Sunset Professional Park, LLC v Urban Engineering, Inc. (Adv. 4-10-1188)

Daniel H. O'Connell - Billing A

| Date | Hours | $ Charges | % Disallowed | $ Disallowed |
|---|---|---|---|---|
| 11/12/07 | 1.4 | 406.00 | 100% | 406.00 |
| 11/15/07 | .8 | 72.00 | 100% | 72.00 |
| 01/08/08 | 1.2 | 108.00 | 100% | 108.00 |
| 01/14/08 | 1.0 | 90.00 | 100% | 90.00 |
| 01/15/08 | 1.0 | 90.00 | 100% | 90.00 |
| 01/21/08 | .6 | 54.00 | 100% | 54.00 |
| 01/23/08 | .8 | 232.00 | 100% | 232.00 |
| 01/24/08 | 1.8 | 162.00 | 100% | 162.00 |
| 01/25/08 | .8 | 232.00 | 100% | 232.00 |
| 01/28/08 | 3.0 | 870.00 | 100% | 870.00 |
| 01/29/08 | 1.5 | 435.00 | 100% | 435.00 |
| 02/01/09 | .5 | 45.00 | 100% | 45.00 |
| 02/06/09 | .8 | 174.00 | 100% | 174.00 |
| 02/08/09 | .9 | 261.00 | 100% | 261.00 |
| 02/14/09 | 3.4 | 986.00 | 100% | 986.00 |
| 02/15/09 | .8 | 232.00 | 100% | 232.00 |
| **TOTALS** | **20.3** | **4449.00** | | **4449.00** |

## Sunset Professional Park, LLC v Urban Engineering, Inc. (Adv. 4-10-1188)

### Daniel H. O'Connell - Billing B

| Date | Hours | $ Charges | % Disallowed | $ Disallowed |
|---|---|---|---|---|
| 12/24/07 | 1.0 | 290.00 | 50% | 145.00 |
| **TOTALS** | **1.0** | **290.00** | | **145.00** |